UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                                Case No. 23-cr-31 (JNE/ECW) (2)
                                                ORDER

Daniel Richard Kemp,

       Defendant.

Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine. In his sentencing position, he asserted that the 10-year mandatory minimum "suffices as more than adequate punishment," that his "probation for an Anoka County drug offense was revoked because of the relevant conduct in this case," that he was charged in St. Louis County "with the same underlying offense alleged in this indictment," that "[t]he St. Louis County Attorney's office has announced that it will move to dismiss his state court case after [he] is sentenced here," that he "will have served over two years in state custody" by the time of sentencing, and that the Court should recognize the time in state custody in the judgment. In its sentencing position, the government sought a sentence within the guideline range of 151 to 188 months.

At sentencing, after a discussion of the presentence investigation report, the Court stated that Defendant's sentence will be concurrent with any sentence imposed as a revocation in his Anoka County case. The parties presented their positions. Defendant sought "a 10-year mandatory minimum sentence" and requested "concurrent time, as the Court has suggested." The government "agree[d] that it makes sense to run time

1

concurrent with his state time" and did not "argu[e] against what the defense position is here."  After hearing from Defendant himself, the Court sentenced him to the mandatory minimum of 120 months' imprisonment, to be served concurrently with any term of imprisonment imposed as a revocation in the Anoka County case.[1]

No clarification was sought.  No appeal was taken.  And no motion to correct an error was made.  *See* Fed. R. Crim P. 35(a).

Instead, on March 19, 2026, more than two years after sentencing, Defendant filed a "Motion to Modify His Sentence Consistent With the Court's Original Intentions."[2]  He sought "an Order granting him credit for all of the time he has served for this case."  *But see United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).  He asked that "the judgment be changed, and lessened by two years and twenty-days."  The government did not respond to the motion.

"A prison sentence, once imposed, usually cannot be modified by the district court."  *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026).  Defendant invoked none of the "several narrow exceptions to this rule."  *Id.*  He cited no authority to support his motion.

The Court nevertheless considered whether Rule 36 of the Federal Rules of Criminal Procedure applies.  "Rule 36 authorizes a court to correct a clerical error in a

---

[1]     At the end of the sentencing hearing, the Court asked the probation officer to correct the presentence investigation report.  A corrected version was not filed.

[2]     Defendant's quotation of the sentencing transcript in his motion omits the Court's reference to U.S.S.G. § 5G1.3(d).

judgment at any time.  Rule 36 does not authorize a district court to *modify* a sentence at any time." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (citation omitted). There is no clerical error in the judgment.  The judgment is consistent with the pronouncement of sentence.  *See United States v. Morrison*, 143 F.4th 1017, 1026 (8th Cir. 2025).  The Court denies Defendant's motion.  *See United States v. Nguyen*, 671 F. App'x 404, 405 (8th Cir. 2016) (per curiam) ("While Nguyen may be correct that the district court could have fashioned a sentence that took into account his Minnesota sentence by downwardly adjusting his prison term and expressly referencing U.S.S.G. § 5G1.3(b), the district court did not do so.  The district court is now without authority under Rule 36 to modify the sentence it imposed." (citation omitted)); *cf. United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023) ("But 'fully concurrent' does not necessarily mean 'according to § 5G1.3(b).'  Subsection (d) permitted the sentences to be fully concurrent *going forward.*"); *United States v. Woods*, 717 F.3d 654, 658 n.3 (8th Cir. 2013) (declining to consider whether § 5G1.3(b) "permits a district court to 'adjust' a sentence downward even when a defendant is subject to a statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B)").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT Defendant's motion to modify his sentence [Docket No. 264] is DENIED.

Dated: August 4, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

3